UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALFONSO LOZANO, | Case No.: 19cv884 DMS (JLB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER (1) DISMISSING CASE WITHOUT PREJUDICE AND (2) DENYING REQUEST FOR FEE WAIVER** |
| REGGIE REIGHLEY; ARTHUR STEPHENS | |
| Defendants. | |

The Court is in receipt of a letter from Plaintiff dated April 23, 2020, in which he states, "I no longer want to follow this case," and requests that the Court waive payment of the remainder of his filing fee. (ECF No. 18.) The Court construes Plaintiff's statement that he no longer wants to follow this case as a request to voluntarily dismiss the case, which request is granted.

As to Plaintiff's request to waive the remainder of his filing fee, that request is denied. "Reacting to 'a sharp rise in prisoner litigation,' *Woodford v. Ngo,* 548 U.S. 81, 84 (2006), Congress in 1996 enacted the PLRA, which installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good,' *Coleman v. Tollefson,* 575 U.S. __, __, 135 S. Ct. 1759, 1762 (2015) (quoting *Jones*

*v. Bock,* 549 U.S. 199, 204 (2007) (alteration in original)." *Bruce v. Samuels*, 136 S. Ct. 627, 629-30 (2016).

"Among those measures, Congress required prisoners to pay filing fees for the suits or appeals they launch." *Id.* at 630. "The provisions on fee payment, set forth in 1915(b), read:

> (1) ... [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* (citing 28 U.S.C. § 1915(b)(1), (2) (emphasis added)). "The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers." *Id.* (citing § 1915(f)(2)(B)).

Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after the civil action has been consolidated, settled, or dismissed for any reason. *See e.g.*, *Johnson v. Darr,* No. 3:10-CV-2334-WQH-POR, 2018 WL 5246597, at *2 (S.D. Cal. Oct. 22, 2018); *Avery v. Paramo*, No. 3:13-CV-2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Calif. Dep't of Corrs.*, No. 3:13-cv-1455 BTM (JLB) (S.D. Cal. Oct. 30, 2014); *Adams v. Maricopa Cty. Sheriff's Office*, No. CV 10-1558-PHX-RCB (ECV), 2010 WL 4269528 at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's

motion to stop withdrawal of trust account funds pursuant to § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915."). Accordingly, Plaintiff's request to waive payment of the remainder of his filing fee is denied.

**IT IS SO ORDERED**.

Dated: July 30, 2020

Hon. Dana M. Sabraw
United States District Judge